UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAVONDA K. JETER,                    )        No. EDCV 17-1930 AGR
                                     )
            Plaintiff,               )
                                     )
      v.                             )        MEMORANDUM OPINION AND ORDER
                                     )
NANCY A. BERRYHILL, Acting           )
Commissioner of Social Security,     )
                                     )
            Defendant.               )
_____    )

      Plaintiff filed this action on September 20, 2017.  Pursuant to 28 U.S.C. § 636(c),
the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 12, 13.)  On
April 18, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed
issue.  The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court affirms the decision of the
Commissioner.

# I.

## PROCEDURAL BACKGROUND

On February 4, 2014, Plaintiff filed an application for supplemental security income and alleged an onset date of July 22, 2009.  Administrative Record ("AR") 24.  The application was denied.  AR 24, 94.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On February 4, 2016, the ALJ conducted a hearing at which Plaintiff, two medical experts and a vocational expert ("VE") testified.  AR 38-51.  On March 21, 2016, the ALJ issued a decision denying benefits.  AR 21-33.  On August 17, 2017, the Appeals Council denied review.  AR 1-6.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A.    Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

**B.    The ALJ's Findings**

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of diabetes mellitus; hypertension; hyperlipidemia; osteoarthritis of right knee; obesity; ganglion cyst of right wrist; major depressive disorder; and post traumatic stress disorder.  AR 27.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of sedentary work.  She could lift/carry up to 10 pounds frequently; sit for six hours and stand/walk for four hours in an eight-hour workday with normal breaks; occasionally push/pull with all extremities; occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; and occasionally balance, stoop, kneel, crouch and crawl.  She was precluded from exposure to hazards such as unprotected heights and moving machinery, and from concentrated exposure to dust, fumes and odors.  She was limited to simple repetitive tasks with occasional teamwork-

---

[1]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

related tasks with no interaction with the public and no requirement of hypervigilance. AR 28. Plaintiff cannot perform her past relevant work but there were jobs that exist in significant numbers in the national economy that she could perform such as packer and inspector. AR 31-32.

## C.   Vocational Expert

An ALJ may rely on a vocational expert's testimony in response to a hypothetical that contains all of the limitations the ALJ found credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "A VE's recognized expertise provides the necessary foundation for his or her testimony." *Id.* at 1218; *see also Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) (quoting *Bayliss*).

Plaintiff argues that the representative job of packer is inconsistent with Plaintiff's residual functional capacity in that she is precluded from jobs requiring hypervigilance; concentrated exposure to dust, fumes and odors; and hazards such as unprotected heights and moving machinery.

At the hearing, the ALJ's hypothetical to the vocational expert incorporated the limitations described by the two medical experts. In response, the vocational expert testified that Plaintiff could perform work such as packer, DOT 559.687-014, and inspector, DOT 669.687-014. The vocational expert confirmed that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). AR 48. As the Commissioner points out, the DOT states that the packer job does not involve moving mechanical parts or high exposed places. (Joint Stipulation (JS) at 8.) There is no evidence of an apparent conflict between the ampoule sealer job and an RFC precluding concentrated exposure to dust, fumes or odors.[2]

_____

[2] The vocational expert was not the first to testify that a claimant who is precluded from concentrated exposure to dust, fumes and odors can perform the job of ampoule sealer. *E.g.*, *Hernandez v. Astrue*, 2018 U.S. Dist. LEXIS 26013, *8 & n.11, *39 (S.D.N.Y. Feb. 15, 2018); *Sanchez v. Colvin*, 2018 U.S. Dist. LEXIS 19543, *9, *28

Plaintiff argues that there is an apparent conflict between an RFC that precludes hypervigilance and the job description for ampoule sealer:  "Seals ampoules filled with liquid drug products, preparatory to packaging:  Rotates neck of ampoule in flame of bunsen burner to melt glass.  Grips tip of ampoule, using tweezers, and draws tip away from neck to seal ampoule as glass hardens.  Places sealed ampoule in basket for sterilization and inspection.  May hold unsealed ampoule against jet of inert gas to displace air.  May immerse sealed ampoules in dye bath to test for leaks.  May tend machines that steam-wash and fill ampoules."

At the hearing, the relevant medical expert defined hypervigilance as (1) "tasks that require such intense sustained concentration that even a brief one or two-second lapse in concentration would cause a task failure or a safety issue" or (2) "something like a fast moving assembly line or a safety task such as a lifeguard."  AR 46.  There is an apparent conflict between the ampoule sealer job description, which apparently requires working near a flame, and an RFC that precludes a requirement for such sustained concentration that a one or two second lapse would cause a safety issue.

Even assuming error, however, the court finds that the error was harmless because the remaining representative job of inspector existed in significant numbers.  "The statute in question indicates that the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)."  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012); *see also Gutierrez v. Comm'r*, 740 F.3d 519, 523 (9th Cir. 2014).  The vocational expert testified that there were 1,000 inspector jobs locally and 20,000 jobs nationally.  AR 48.  The Ninth Circuit has not created a bright line rule for what constitutes a significant number of jobs.  *Beltran*, 700 F.3d at 389.  Although at the low end, the ALJ's finding as to national jobs meets the legal standard.  Gutierrez, 740 F.3d at 529 ("A finding of 25,000 jobs likely

(S.D. Cal. Feb. 6, 2018); *Repetto v. Colvin*, 2017 U.S. Dist. LEXIS 70300, *13-*14 (D.N.J. May 9, 2017).  The court has not located a case raising a challenge as to whether ampoule sealer jobs require concentrated exposure to dust, fumes and odors.

does not fall into the category of 'isolated jobs' existing in 'very limited numbers'") (citation omitted); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2018) (noting ampoule sealer job represented 22,259 nationwide); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (1,000 to 1,500 jobs in local area alone was significant). The Ninth Circuit in *Gutierrez* cited another circuit's decision that found 10,000 national jobs to be significant. *Gutierrez*, 740 F.3d at 529 (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)); *see also Davis v. Comm'r*, 2018 U.S. Dist. LEXIS 62317, *14-*15 (E.D. Cal. Apr. 12, 2018) (finding 15,000 national jobs to be significant number); *compare De Rivera v. Berryhill*, 710 Fed. Appx. 768 (9th Cir. 2018) (finding it unclear that 5,000 national jobs would be sufficient).

IV.

ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: May 8, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge